**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 18-4467**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SAMUEL DEXTER RAY,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:17-cr-00433-TDS-1)

_____

Submitted: January 7, 2019                     Decided: January 11, 2019

_____

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Eric L. Iverson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Dexter Ray pled guilty, pursuant to a plea agreement, to receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) (2012). The district court sentenced him to 78 months' imprisonment. On appeal, Ray argues that this downward variant sentence is substantively unreasonable in light of his physical impairments and certain alleged flaws in the child pornography Sentencing Guidelines. He contends that the court should have imposed the statutory minimum sentence of 60 months' imprisonment.[*] *See* 18 U.S.C. § 2252A(b)(1) (2012). We affirm.

"We review the substantive reasonableness of a sentencing decision for abuse of discretion" and presume that "a sentence within or below a properly calculated guidelines range" is substantively reasonable. *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017) (internal quotation marks omitted); *see United States v. Strieper*, 666 F.3d 288, 295-96 (4th Cir. 2012) (reiterating that presumption of reasonableness applies to sentences for child pornography convictions). "That presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." *Vinson*, 852 F.3d at 357-58 (internal quotation marks omitted).

---

[*] In addition to challenging the extent of the downward variance, Ray contends that the district court should have departed from the Guidelines range due to his physical condition. *See* U.S. Sentencing Guidelines Manual § 5H1.4, p.s. (2016). Because the court understood its authority to depart from the Guidelines, we may not review its decision to decline to exercise that authority. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

2

When fashioning Ray's sentence, the district court concluded that the two most important factors were Ray's deteriorating health and the fact that most child pornography Guidelines are enhanced based on the offender's use of a computer. *See* 18 U.S.C. § 3553(a)(1); *United States v. Henderson*, 649 F.3d 955, 963 (9th Cir. 2011) ("[D]istrict courts may vary from the child pornography Guidelines . . . based on policy disagreement with them."). The court also recognized that several of the images in Ray's vast collection were duplicates and that Ray was not likely to reoffend. *See* 18 U.S.C. § 3553(a)(1), (2)(C).

The court, however, balanced those considerations with Ray's use of sophisticated and secretive methods to create and store his child pornography collection and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and deter others from engaging in similar conduct. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(B). The court rounded out its consideration of Ray's history and characteristics by noting his age, education, and history of drug use, *see* 18 U.S.C. § 3553(a)(1), and, finally, recognized Ray's need for mental health counseling and medical care, *see* 18 U.S.C. § 3553(a)(2)(D).

In light of this careful consideration of the § 3553(a) factors, we conclude that Ray has failed to rebut the presumption that his downward variant sentence is substantively reasonable. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*